OPINIONS OF THE SUPREME COURT OF OHIO
       The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
       Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
       NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Columbus Bar Association v. Osipow.
[Cite as Columbus Bar Assn. v. Osipow (1994),         Ohio
St.3d         .]
Attorneys at law -- Misconduct -- Indefinite suspension --
       Conduct involving dishonesty, fraud, deceit or
       misrepresentation -- Conduct adversely reflecting on
       fitness to practice law -- Client funds not kept in
       separate account -- Client funds not promptly paid to
       client.
       (No. 93-1741 -- Submitted November 16, 1993 -- Decided
February 23, 1994.)
       On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-08.
       In a complaint filed February 16, 1993, relator, Columbus
Bar Association, charged respondent, Randall A. Osipow of
Columbus, Ohio, Attorney Registration No. 0017013, with three
counts of disciplinary infractions.  In his answer, respondent
admitted most of the allegations of the complaint, and later
the parties entered into a stipulation of facts.   Thereafter,
a panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") held a hearing on the
matter on August 12, 1993.
       The complaint, respondent's answer, and the stipulation
established the following underlying facts as to Counts One,
Two and Three.  Respondent was employed as a contract lawyer on
a salaried basis at a Columbus law firm (herein "firm") from
November 3, 1986 to August 15, 1991.  Upon his employment,
respondent agreed that all fees on cases he worked upon were to
be paid to the firm and that he would not do legal work for
nonfirm clients.
       As to Count One, respondent undertook to represent a
client company on a contingent fee basis to collect a debt owed
to the client.  On the client's behalf, respondent collected
$1,000 from the debtor, but then deposited the $1,000 in a
personal account, thereby commingling the money with his
personal funds.  Respondent did not turn the money over to
either his client or the firm, and neither the client nor
apparently the firm authorized him to keep the money.  When the

client requested the money, respondent first delayed repayment and then later admitted to the client that he had personally used the money. Then, respondent and the client agreed that respondent would perform additional legal work at no charge to "pay back" the money due; however, that additional legal work ultimately proved insufficient to "pay back" the client. When the firm learned what had occurred, the firm paid the client $800.

As to Count Two, respondent personally undertook to represent two clients but did so at an hourly rate lower than the firm's customary hourly rate. In doing this legal work, respondent used the firm letterhead and framed pleadings as if the work done was the work product of the firm. One client was registered officially through the firm, but the other was not. Both clients made fee payments and gifts of cash or property to respondent, which respondent kept and did not report to the firm.

As to Count Three, respondent submitted at least twenty-three false travel expense vouchers and was paid by the firm at least $3,221 for expenses never incurred by him. Although the firm initially posted these expenses to the client's account, the firm discovered respondent's deception and ultimately did not charge these expenses to the client.

The panel found that respondent violated DR 1-102(A)(4)(conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(6)(conduct adversely reflecting on his fitness to practice law); 9-102(A)(client funds not kept in a separate account); and 9-102(B)(4)(client funds not promptly paid to a client).

The panel also found that all clients but one were firm clients so that another attorney supervised respondent's work. That supervision prevented prejudice to the clients. As a mitigating factor, the panel considered that respondent was under financial pressures from a settlement of a legal malpractice claim arising out of respondent's previous law practice.

The panel recommended that respondent be suspended from the practice of law in Ohio for one year, although relator had recommended an indefinite suspension. The board adopted the findings, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Roetzel & Andress and E. Joel Wesp; and Bruce A. Campbell, for relator.

Randall A. Osipow, pro se.

Per Curiam. We agree with the board's findings and conclusions. However, respondent's repeated instances of fraud and deceit upon his clients and his employer, for his own personal benefit, warrant a more severe punishment than a one-year suspension. Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., dissents, adopts the recommendation of the

board, and would suspend respondent from the practice of law for one year.